UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Abeth Hashimi,

    Plaintiff,
vs.

K. Dew Realty Corp., and
Meat House Inc.,

    Defendants.

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, K. DEW REALTY CORP. and MEAT HOUSE INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

### PARTIES

**3.** Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as

1

Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

4.     Defendant, K. DEW REALTY CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, K. DEW REALTY CORP., is the owner of the Subject Property located at 84-02 37th Avenue, Jackson Heights, NY 11372 (hereinafter, the "Subject Premises").

5.     Defendant, MEAT HOUSE INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "EL CHIVITO D'ORO" located at the Subject Premises.

6.     Pursuant to New York State Liquor Authority records, Defendant, MEAT HOUSE INC., d/b/a EL CHIVITO D'ORO, was issued an On Premises Wine license on October 29, 2025 for the Subject Premises.

7.     EL CHIVITO D'ORO is a restaurant offering food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the premises, order and purchase meals and beverages, and dine on-site where seating is available. The Plaintiff avers that he would enjoy visiting El Chivito D'Oro as he appreciates the atmosphere, the Latin American and seafood cuisine, and the classy dining experience provided at the establishment; and fully intends on trying the sangria, chicken empanada, and the parrillada. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

8. On or about June 2025, and again on or about January 22, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding concrete step, hindering any wheeled ambulation or safe entry, and thus prevented full and equal access and enjoyment to the public accommodation

9. Plaintiff approached the entrance to the Subject Premises and encountered an existing step at the primary entrance. Although a portion of the storefront appeared lower, the change in level prevented Plaintiff, who uses an electric wheelchair, from safely entering the establishment. Plaintiff was unable to traverse the step without risking damage to his wheelchair and compromising his personal safety, and resulting in deterrence and discrimination.

10. After coming upon said architectural barrier, Plaintiff was unable to locate any bell or signage regarding accessible entry into the premises.Thus, in a most unjust manner, the Plaintiff was left without recourse to enter into the public accommodation, this despite his intent to enter and purchase cuisine. Plaintiff was instead met with wanton discrimination and thus left the public accommodation on both occasions.

11. Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate

(for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

12.    Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when he is conducting business matters, errands, or visiting family as well as friends throughout the boroughs, he has been unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month.

13.    Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to Ugly Donuts, Oceanic Boil, and Cafe Bene amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

14.    Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15.    El Chivito D'Oro is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the restaurant more than a half dozen times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes and beverages are,

when traversing a neighborhood he frequents multiple times a month.

16. More specifically, Plaintiff intends to eat out at, and try the diverse variety of Korean cuisine, but particularly piquing his interest is the sangria, chicken empanada, and the parrillada all of which are quite unique around this Queens neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

17. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area..

18. On or about June 2025, and again on or about January 22, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

19. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

20. Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

21. Defendants, K. DEW REALTY CORP. and MEAT HOUSE INC., have

discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

22. K. DEW REALTY CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

23. MEAT HOUSE INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

24. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance/Accessible Route to Establishment**

**i. Inaccessible Entrance**
An accessible route to the establishment is not provided as required, preventing Plaintiff and other individuals with mobility impairments from accessing the Subject Property. This is a violation of ADAAG §§206, 402, and 403. Providing a compliant accessible route to the entrance is readily achievable.

**ii. Existing Step at Entrance Acts as a Barrier to Accessibility**
An existing step at the entrance acts as a barrier to accessibility, preventing Plaintiff and other wheelchair users from entering the establishment. This is a violation of ADAAG §§206.4 and 303.4. Installing a compliant ramp or otherwise eliminating the step is readily achievable.

**iii. Required Ramp Not Provided for Step at Entrance**
A required ramp is not provided where there is a change in level greater than one-half inch at the entrance. This is a violation of ADAAG §§303 and 405. Installing a properly sloped ramp is readily achievable.

**iv. Required Minimum Maneuvering Clearance Not Provided at Entrance Door**
The required minimum maneuvering clearance is not provided at the entrance door, restricting Plaintiff's ability to independently open and enter through the door. This is a violation of ADAAG §404.2.4. Reconfiguring the door area to provide compliant maneuvering clearance is readily achievable.

**v. Non-Compliant Change in Floor Level Within Required Maneuvering Clearance at Entrance Door**
A non-compliant change in level exists within the required maneuvering clearance at the entrance door, interfering with Plaintiff's ability to safely approach and operate the door. This is a violation of ADAAG §§302 and 404.2.4.4. Leveling the floor surface within the required maneuvering clearance is readily achievable.

**vi. Existing Step at Multiple Open-Air Storefront Doors Acts as a Barrier to Accessibility**
Existing steps at multiple open-air storefront doors act as barriers to accessibility, preventing Plaintiff and other individuals with mobility impairments from entering through those openings. This is a violation of ADAAG §§206 and 303.4. Installing compliant ramps or otherwise eliminating the steps is readily achievable.

<u>**Service Counter**</u>

**vii. Inaccessible Service Counter**
The service counter exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from accessing the counter surface. This is a violation of ADAAG §§227 and 904.4. Lowering a portion of the service counter to a compliant height is readily achievable.

<u>**Dining Area**</u>

**viii. Inaccessible Dining Tables**
Dining tables are inaccessible, preventing Plaintiff and other individuals with mobility impairments from independently using the tables. This is a violation of ADAAG §§226 and 902. Providing compliant accessible dining tables is readily achievable.

**ix. Required Minimum Knee and Toe Clearance Not Provided at Dining Tables**
Required minimum knee and toe clearance is not provided at dining tables, interfering with Plaintiff's ability to position a wheelchair at the tables. This is a violation of ADAAG §§306 and 902. Modifying or replacing the tables to provide compliant knee and toe clearance is readily achievable.

**x. Minimum Percentage of Required Accessible Dining Tables Not Provided**
A minimum percentage of existing dining tables required to be accessible is not provided, limiting seating options for Plaintiff and other individuals with disabilities. This is a

7

violation of ADAAG §226.1. Replacing or modifying tables to meet the required minimum percentage of accessible seating is readily achievable.

**Men's Restroom**

### xi. Required Permanent Room-Identifying Signage Not Properly Mounted

Permanent room-identifying signage for the men's restroom is not properly mounted at the latch side of the door as required, limiting accessibility for individuals with visual disabilities. This is a violation of ADAAG §§216 and 703. Relocating the signage to a compliant location with proper tactile characters and Braille is readily achievable.

### xii. Required Minimum Clear Width Not Provided at Door of Men's Restroom

The door to the men's restroom does not provide the required minimum clear width, preventing Plaintiff and other wheelchair users from independently entering the restroom. This is a violation of ADAAG §404.2.3. Adjusting the doorway to provide compliant clear width is readily achievable.

### xiii. Door Lock at Men's Restroom Requires Pinching of Fingers

The door lock at the men's restroom requires pinching of fingers to operate, limiting independent use by Plaintiff and other individuals with disabilities. This is a violation of ADAAG §§404.2.7 and 309.4. Replacing the lock with compliant hardware is readily achievable.

### xiv. Door Knob at Men's Restroom Requires Twisting of the Wrist

The door knob at the men's restroom requires twisting of the wrist to operate, limiting independent use by individuals with disabilities. This is a violation of ADAAG §§404.2.7 and 309.4. Installing compliant lever-type hardware is readily achievable.

### xv. Required Minimum Turning Space Not Provided in Men's Restroom

Required minimum turning space is not provided within the men's restroom, preventing Plaintiff from maneuvering a wheelchair within the restroom. This is a violation of ADAAG §§603.2.1 and 304.3.1. Reconfiguring the restroom layout to provide compliant turning space is readily achievable.

### xvi. Required Minimum Clear Width Not Provided at Travel Path to Fixtures in Men's Restroom

The travel path to fixtures in the men's restroom does not provide the required minimum clear width, restricting Plaintiff's ability to access restroom fixtures. This is a violation of ADAAG §403.5.1. Reconfiguring the travel path to provide compliant clear width is readily achievable.

### xvii. Required Minimum Clear Floor Space Not Provided at Lavatory in Men's Restroom

Required minimum clear floor space is not provided at the lavatory in the men's restroom, preventing Plaintiff from properly approaching the fixture. This is a violation of ADAAG §§305 and 606.2. Repositioning the lavatory or removing obstructions is readily achievable.

### xviii. Required Minimum Knee and Toe Clearance Not Provided at Lavatory in Men's Restroom

Required minimum knee and toe clearance is not provided at the lavatory, interfering with Plaintiff's ability to position a wheelchair under the fixture. This is a violation of ADAAG §306. Modifying the lavatory to provide compliant knee and toe clearance is readily achievable.

### xix. Hand Dryer in Men's Restroom Exceeds Maximum Allowable Height

The mounted height of the hand dryer exceeds the maximum allowable reach range, preventing Plaintiff and other individuals with disabilities from accessing it. This is a violation of ADAAG §308. Lowering or relocating the hand dryer is readily achievable.

### xx. Mirror in Men's Restroom Exceeds Maximum Allowable Height

The mounted height of the mirror exceeds the maximum allowable height, preventing Plaintiff and other individuals with disabilities from using it. This is a violation of ADAAG §603.3. Reinstalling the mirror at a compliant height is readily achievable.

### xxi. Required Minimum Clearance Not Provided at Water Closet in Men's Restroom

Required minimum clearance is not provided at the water closet, preventing Plaintiff and other wheelchair users from safely maneuvering and transferring. This is a violation of ADAAG §604.3. Repositioning fixtures to provide compliant clearance is readily achievable.

### xxii. Required Grab Bars Not Provided on Rear and Side Walls of Water Closet in Men's Restroom

Required grab bars are not provided on the rear and side walls of the water closet, preventing Plaintiff and other individuals with mobility impairments from safely transferring to and from the toilet. This is a violation of ADAAG §604.5. Installing properly positioned grab bars is readily achievable.

### xxiii. Non-Compliant Distance of Water Closet from Side Wall in Men's Restroom

The water closet is not positioned 16–18 inches from the adjacent side wall as required, interfering with Plaintiff's ability to safely transfer. This is a violation of ADAAG §604.2. Repositioning the water closet to a compliant location is readily achievable.

### Women's Restroom

### xxiv. Accessible Route to Women's Restroom Not Provided

An accessible route to the women's restroom is not provided, limiting access for individuals with mobility impairments. This is a violation of ADAAG §402. Providing a compliant accessible route is readily achievable.

### xxv. Required Minimum Clear Width Not Provided at Travel Path to Women's

**Restroom**
The travel path leading to the women's restroom does not provide the required minimum clear width, limiting access by individuals with disabilities. This is a violation of ADAAG §403.5.1. Reconfiguring the travel path to provide compliant clear width is readily achievable.

**xxvi. Required Minimum Clearance Not Provided at Water Closet in Women's Restroom**
Required minimum clearance is not provided at the water closet in the women's restroom, preventing wheelchair users and other individuals with disabilities from safely maneuvering and transferring. This is a violation of ADAAG §604.3. Repositioning fixtures to provide compliant clearance is readily achievable.

**xxvii. Required Grab Bars Not Provided on Rear and Side Walls of Water Closet in Women's Restroom**
Required grab bars are not provided on the rear and side walls of the water closet, preventing individuals with mobility impairments from safely transferring to and from the toilet. This is a violation of ADAAG §604.5. Installing properly positioned grab bars is readily achievable.

**xxviii. Plumbing Valves Located Directly Behind Toilet Seat in Women's Restroom**
Plumbing valves are located directly behind the toilet seat, creating a risk of injury and interfering with safe use by individuals with disabilities. This is inconsistent with ADAAG Advisory 604.6. Relocating the plumbing valves or otherwise shielding them is readily achievable.

**xxix. Insulation of Pipes Under Lavatory in Women's Restroom Not Provided**
Water supply and drain pipes beneath the lavatory are not insulated or otherwise protected, creating burn and contact hazards for individuals with disabilities. This is a violation of ADAAG §606.5. Insulating the exposed pipes is readily achievable.

**xxx. Hand Dryer in Women's Restroom Exceeds Maximum Allowable Height**
The mounted height of the hand dryer exceeds the maximum allowable reach range, limiting use by individuals with disabilities. This is a violation of ADAAG §308. Lowering or relocating the hand dryer is readily achievable.

**xxxi. Mirrors in Women's Restroom Exceed Maximum Allowable Height**
The mounted height of the two mirrors in the women's restroom exceeds the maximum allowable height, limiting use by individuals with disabilities. This is a violation of ADAAG §603.3. Reinstalling the mirrors at compliant heights is readily achievable.

25.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The

physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

26. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

27. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

28. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

29. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**30.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**31.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**32.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com